## STATE v. ROBERT L. YATES AND ANOTHER.[1]

March 7, 1924.

No. 23,824.

**Conviction for violation of ordinance reversed.**

The defendants are husband and wife. They were arrested by two park police officers and charged with a violation of a city ordinance, prohibiting the making of any noise, riot, disturbance or improper diversion. The evidence examined and *held* not sufficient to sustain the charge.

Defendants were arrested, charged with violation of an ordinance of the city of Minneapolis, tried in the municipal court of that city before Charles L. Smith, J., found guilty and fined five dollars each for disorderly conduct. From the decision, sentence and judgment, defendants appealed. Reversed.

*McDonald & Ryan*, for appellants.

*Neil M. Cronin*, City Attorney and *Luther W. Youngdahl*, Assistant City Attorney, for respondent.

QUINN, J.

The appellants are husband and wife and live together with their two young children, about two block distant from the junction of Upton avenue and Memorial Drive boulevard, in the city of Minneapolis. They were arrested by two park police officers between 9 and 10 o'clock in the evening, when occupying their automobile while it was parked at the junction of the avenue and drive above referred to. The charge laid against them was for the violation of a certain ordinance of the city, which in part is as follows: "Any person or persons who shall make, aid, countenance, or assist in making any noise, riot, disturbance, or improper diversion, * * * to the annoyance or disturbance of the citizens or travelers," shall be liable to a fine, etc.

[1]Reported in 197 N. W. 488.

The prosecution rested its case upon the testimony of the two police officers. The defendants testified in their own behalf, to the effect that they had been to the theater; that on their way home they stopped and were sitting in their automobile at the place mentioned, talking over some matters that they did not care to discuss in the presence of their children; that Mrs. Yates was at the time in a delicate condition and was suffering from gas pains, on account thereof; that, to relieve herself, she had removed her corsets; that, when arrested, they informed the officers of the conditions and asked them to accompany them to their home where their children were and investigate for themselves, which the officers refused to do. On the contrary, they arrested and took them to police headquarters.

A further discussion of the testimony is unnecessary, as we deem it sufficient to say that the testimony given by the police officers fails to raise an inference that the defendants were guilty of any offense charged in the complaint. Even though the proofs had raised an issue, it would have been so completely overcome by the testimony of the appellants that the conviction could not have stood. As a further indication of the injustice of this proceeding, the court below, after announcing the defendants guilty, imposed a fine of five dollars each, and subsequently suspended the payment of the fine, which in no way removed the sting of such a charge and conviction.

Reversed.